Lisa J. Frisella (SBN 216504)
Kimberly D. Neilson (SBN 216571)
**FRISELLA LAW, APC**
2139 First Ave., Suite 200
San Diego, California 92101
Telephone: (619) 260-3500
Facsimile:  (619) 260-3600
Email: lisa@frisellalaw.com
         kim@frisellalaw.com

Dean Gresham (TX SBN 24027215) (Pro Hac Vice forthcoming)
Bruce Steckler (TX SBN 00785039) (Pro Hac Vice forthcoming)
Stuart Cochran (TX SBN 24027936) (Pro Hac Vice forthcoming)
L. Kirstine Rogers (TX SBN 24033009) (Pro Hac Vice forthcoming)
**STECKLER GRESHAM COCHRAN PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: dean@stecklerlaw.com
         bruce@stecklerlaw.com
         stuart@stecklerlaw.com
         krogers@stecklerlaw.com
Attorneys for Plaintiff CHOON'S DESIGN, LLC
And the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHOON'S DESIGN, LLC, Individually and on Behalf of a Class of Similarly Situated Individuals,<br><br>          Plaintiffs,<br><br>v.<br><br>CONTEXTLOGIC INC. d/b/a WISH,<br><br>          Defendants. | CASE NO.<br><br>**COMPLAINT FOR: 1) VIOLATION OF THE LANHAM ACT, FALSE ASSOCIATION & TRADEMARK INFRINGEMENT; 2) VIOLATION OF THE CALIFORNIA UNFAIR COMPETITTION LAW; 3) VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW; AND 4) UNJUST ENRICHMENT AND RESTITUTION**<br><br>**"CLASS ACTION"**<br><br>**DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT**

Plaintiff, Choon's Design, LLC – producer of Rainbow Loom® ("Plaintiff"), on behalf of itself and all others similarly situated (the "Class," as defined below) brings this Class Action Complaint ("Complaint") against ContextLogic Inc. d/b/a Wish ("Wish," "Wish.com." or "Defendant"). Plaintiff alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

**NATURE OF THE ACTION**

1.    This lawsuit is brought against Defendant at law and in equity resulting from the illegal actions of Defendant in the false advertising relating to Plaintiff's products, and numerous other companies' products across the country, who, like Plaintiff, have never sold or advertised their products on Wish.com, which results in unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1125 *et seq*. (the "Lanham Act") and the common law.

**THE PARTIES**

2.    Plaintiff, Choon's Design, LLC, is a Michigan limited liability company with its principal place of business located at 23660 Research Drive, Suite A, Farmington Hills, Michigan 48335.

3.    Upon information and belief, Defendant ContextLogic Inc. d/b/a Wish is a Delaware corporation having a corporate address and principal place of business at One Sansome Street, 40th Floor, San Francisco, California 94104. Wish can be served with process through its registered agent, Piotr Szulczewski, One Sansome Street, 40th Floor, San Francisco, California 94104.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark regulation). This Court has supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367, since the matters at the heart of the unfair competition claims form part of the same case or controversy. In addition, this Court has subject matter jurisdiction over all claims asserted in this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), in that the matter in controversy exceeds the sum of $5 million exclusive of interest and costs and certain members of

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

the Class of Plaintiffs are citizens of states different from Wish.

5.      This Court has personal jurisdiction over Wish because its principal place of business is located in the State of California.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendant resides in this district and this Court has personal jurisdiction over Wish.

## ALLEGATIONS OF FACT

7.      Plaintiff and Class Members sell merchandise through various in-person and online retail outlets and also have licensing agreements with third-party retailers allowing the sale of their products under those agreements.

8.      Plaintiff is the maker of Rainbow Loom®, an educational rubber band craft for children.  Rainbow Looms® are sets of rubber bands and hooks sold in kits that can be made into bracelets, charms, loomigurumis, murals, and figures, among other things.

9.      Three million Rainbow Loom® kits were sold in less than three years of their existence, with revenue over $15 million.[1]

10.      Rainbow Looms® are sold all across the United States and internationally at various toy and craft stores and online.

11.      Rainbow Loom® was created in 2010 and was the winner of four Toy of the Year Awards in 2014 by the Toy Institute Association, Inc.  Rainbow Loom® is patented, U.S. Patent No. 8,485,565, and Plaintiff has registered many trademarks to protect the Rainbow Loom® name, advertising, and design: Trademark Registration Numbers: 4768248, 4768101, 4762955, 4753133, 4726514, 4714893, 4714891, and 4345796.

12.      An exemplar of "The Original Rubber Band Loom" kit is depicted below:

///

///

///

---

[1] Adrienne Burke, *Rainbow Loom® Leads to Entrepreneurial Gold for Many*, YAHOO! SMALL BUSINESS,https://smallbusiness.yahoo.com/advisor/blogs/profit-minded/rainbow-loom-leads-entrepreneurial-gold-many-225257582.html (last visited July 17, 2019).

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





4

13.    Plaintiff and Class Members do not sell or advertise any of their products on Wish.com, nor has Plaintiff or the Class Members authorized Wish or any other person to sell or

5

1    advertise any of their products on Wish.com.  Nonetheless, Wish advertises purported Rainbow

2    Loom® products for sale on Wish.com and claims that they are "Verified by Wish":





6

14.     Upon information and belief, Wish.com was founded in 2011 and is a direct-from-China bargain hunting retail website and smartphone shopping application for various consumer products including men's and women's clothing, accessories, jewelry, gadgets, shoes, wallets and bags, home decor, and other consumer items.  Wish sells items as retail and wholesale globally.

15.     In 2018, Wish had more than 1 million merchants on its marketplace with more than 200 million items.[2]  Ninety-four percent of the growing list of merchants on Wish are based in China.[3]  Wish had more than $1 billion in revenue in 2017 and Wish CEO, Peter Szulczewski, expected Wish to have more than $2 billion in revenue in 2018, which it did.[4]  Wish charges a rate of fifteen percent for each sale on its website.[5]  According to Mr. Szulczewski, Wish justifies the

---

[2] Daniel Keyes, *Wish may break $2 billion in revenue this year*, BUSINESS INSIDER (June 12, 2018), https://www.businessinsider.com/wish-revenue-could-break-2-billion-this-year-2018-6  (last visited July 17, 2019).

[3]  https://www.marketplacepulse.com/articles/wish-is-a-portal-to-china (last visited August 6, 2019).

[4] Ben Fox Rubin, *Shopping app Wish building an empire on $2 sunglasses to rival Amazon, Walmart*, CNET (June 11, 2018), https://www.cnet.com/news/shopping-app-wish-is-building-a-retail-empire-on-2-sunglasses/ (last visited July 17, 2019).

[5] Sam Parr, *The Founder of a New Amazon Competitor Explains How They Did $3 Billion After*

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

fifteen percent fee because Wish does "a lot more than, say, Alibaba, which doesn't charge a take rate . . . What merchants get in return [is] suddenly, they get an additional audience of more than a billion smartphone users who don't really cannibalize their existing market."[6]

16.    Wish boasts on its website that: "Wish has a zero-tolerance policy against intellectual property infringement.  We are committed to staying counterfeit free."; "Wish honors and protects third parties' intellectual property rights.  The sale of counterfeit branded goods on Wish is strictly prohibited," and "Wish respects intellectual property and has a zero-tolerance policy against counterfeits.  We do not allow product listings which infringe on intellectual property."[7]

17.    In reality, however, a basic review of the Wish platforms and consumer reviews shows that Wish is not committed to staying counterfeit free, has thousands of counterfeit products throughout its platforms at any given time, and routinely allows the sale of counterfeit products, many of which Wish has affirmatively given its "Verified by Wish" badge.

18.    Wish leads consumers to believe that it has vetted suppliers to ensure they provide authentic and genuine products when in fact many of the products sold on Wish and receiving the "Verified by Wish" badge are counterfeit merchandise that infringes on Plaintiff's and the Class Members' marks and names:

///

///

///

///

///

///

///

///

---

*Year 3*, THE HUSTLE (March 1, 2016), https://thehustle.co/wish-founder-peter-szulczewski (last visited July 17, 2019).
[6] *Ibid.*
[7]    https://merchantfaq.wish.com/hc/en-us/articles/204531768-What-constitutes-as-a-fake-or-a-counterfeit-item- (last visited July 17, 2019).

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

1



14    19.    In addition, upon information and belief, Defendant's "Verified by Wish" badge

15 places Wish in the position of a principal with agency liability for the products receiving such

16 badge.  Yet, Wish either promulgates or ignores the infringing activity of the merchants selling on

17 its platforms and gives the infringers the "Verified by Wish" badge, which both facilitates the

18 infringing activity and expounds consumer confusion.  Whether Defendant promulgates or ignores

19 this unlawful activity, Wish collects fifteen percent of every sale on its platforms.

20    20.    According to the Better Business Bureau's ("BBB") accredited business profile of

21 Wish.com, the company has received 1,572 total customer complaints in the last three years alone,

22 and the vast majority of those complaints (1,014) concern problems with Wish.com's products and

23 advertising.  Further, of the 553 customer reviews of Wish.com on the BBB website, Wish.com has

24 received an average of less than 1.25 out of 5 stars, and the reviews consistently reference poor

25 quality products, poor quality service, unauthorized transactions, long shipping times, or customers

26 never receiving the items they paid for.  Following a battery of complaints, the BBB reviewed Wish

27 in May 2018 and issued an "Alert" on the BBB website warning consumers that "this company has

28 a pattern of complaints," including complaints that state the "items received are not as described."

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC



## WISH'S "VERIFIED BY WISH" BADGE CONSTITUTES FALSE ADVERTISING UNDER THE LANHAM ACT.

21.     Defendant's "Verified by Wish" badge is a false commercial advertisement in that it misrepresents the nature, characteristics, qualities, and geographic origin of goods, services, and commercial activities which deceives consumers into believing that they are buying a legitimate, authentic product when in fact they are not.  Defendant's conduct is actionable under the Lanham Act because Plaintiff and Class Members suffered injuries, and continue to suffer injuries, to their commercial interests whilst Defendant is enriched unjustly.  15 U.S.C. § 1125(a)(1)(B).

**A. Wish Made a False or Misleading Statement of Fact in a Commercial Advertisement About a Product.**

22.     Wish.com implements a "Verified by Wish" Program, which is a special badge located next to a particular product's listing.

23.     The "Verified by Wish" badge vouches for the quality and/or nature of the products receiving the badge, including that the "Product has been inspected for the best quality;" "This product has been inspected and is guaranteed to be the best quality;" or "Verified products have been inspected and approved by our team, and are guaranteed to the best quality."

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

24.     To receive the "Verified by Wish" Badge, a product must "Maintain Trusted Store Status."

25.     The Trusted Store program allows merchants with good delivery performance and high product quality to access additional tools and benefits to grow their business on Wish.  To become a Trusted Store, merchants must have, *inter alia,* a "Counterfeit Rate < 0.5%."  Whereas all of the criteria that must be met to achieve Trusted Store status is updated daily, once Trusted Store status is achieved, Wish only reviews the merchant's Counterfeit Rate periodically.[8]

26.     If a merchant has Trusted Store Status, that merchant's products are immediately available for purchase without counterfeit review.  If a store does not pass the review for counterfeits, existing products are not affected.

27.     Wish purports to conduct all counterfeit reviews and leads consumers to believe that it has vetted merchants to ensure they provide authentic and genuine products.

28.     Some of the benefits of Trusted Store Status include: (1) the "Verified by Wish" Program; (2) increased impressions; (3) products appearing in search results faster; and (4) handling of customer service tickets.

29.     Despite the badge's implications, many of the products to which Wish grants the "Verified by Wish" badge are counterfeit, brand-name products, and the "Verified by Wish" badge is intended to deceive consumers into believing that they are purchasing an authentic product. Some examples follow:

///

///

///

///

///

///

///

---

[8]     https://merchantfaq.wish.com/hc/en-us/articles/115001971107-Trusted-Store-Benefits-and-Requirements- (last visited July 17, 2019).

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

/// 

///

///

13

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

**B.  Wish's False Advertising Deceived or Had the Capacity to Deceive a Substantial Segment of Potential Consumers.**

30.    The BBB's website demonstrates that a substantial amount of consumers are deceived by Wish's business practices and advertising.  Consumers complain of counterfeit items sold on Wish.com and the false advertising that led them to purchase products from Wish.





Michael R.

⭐☆☆☆☆                                                                                              03/14/2016

ContextLogic Inc, owners of both Wish(******) and Geek online sales apps for Android and iPhone/Apple devices is aware that their 'shops' sell fake / counterfeit merchandise and does absolutely nothing about it. 99% of the micro SD card memory of the 128GB or larger size is remarked 8GB memory chips that have a fake directory burned onto them to appear to Windows/DOS/Linux/etc/Android/iOS/etc as if they actually can hold whatever size they want, and both Chkdsk and Windows built in system testing tools show that the devices hold the full claimed amount, however EVERY one that I have tested with H2TEST2.exe shows that it fails at the 7.2GB boundary and anything written beyond that boundary is lost, in fact indicates that it is "likely defective", which is because it is indeed fraudulently remarked memory.



K. S.

⭐☆☆☆☆                                                                                              06/30/2016

This site is filled with counterfeits. Found my artwork for sale illegally and there is no contact given (besides a form to fill out for support). Had to SIGN UP just to search for MY artwork that is listed on this site ILLEGALLY!

14



**Abbijo Nelson**
★★★★★                                                                  11/22/2016

Good Day, To whom this may concern, I would like to report this business " Wish**** ", its headquarters is in San Francisco, CA. Wish**** has been promoting false advertisement to many customers. I recently placed an order for a dress and when the package came, the order is a completely different item from what I ordered.. Now this has happened to me before with Wish and I've spoken to customer care about this and nothing was done. I decided, ok I'll let it slide. I gave them another chance and purchased something else from them. Now I am NOT going to sit and have this happen to me again, I work too hard for my money. Numerous amount of persons that I have spoken with about their experience with WISH have told me the same thing and I do not believe people should be tricked into buying things that are false as this. I would like something to be done about this false advertising game that they are playing. I understand they might be a third party agency however, advise their partners to promote the actual items that they do have to sell to the customers. Please do something about this because it is not fair for people to be putting their trust into a company, spending their money and not getting the kind of quality goods and service that we all deserve. Thank you.



**Michele**
★★★★★                                                                  12/16/2016

This company sells counterfeit products. They are committing total trademark infringements. They should be banned!

**Jade**
★★★★★                                                                  12/28/2016

Wish is one of the worst companies I have ever ordered from. Products are almost never as advertised. The company uses pictures from other products to sell their cheap knock offs. Many items are cheaply made, the sizing is off, and often take over a month to be delivered. I ordered first week of November and was told items would arrive second week of December. It is now December 28th and I have not received 4/5 items. The company stated that they have refunded me but no such refund has been applied to my credit card. I've allowed longer than the 5-7days for the refund to be processed and still nothing.

31.     Sitejabber, which is a web-based platform for consumers to find trustworthy online businesses and avoid scams, is also inundated with consumer reviews complaining that Wish sells counterfeit products, Wish employs false advertising to dupe consumers into purchasing counterfeit products, and Wish is a "scam."

///

///

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC



# Is Wish Legit or is it a Scam?



Many people want to know if Wish is legit or if it is a scam. Sitejabber has collected a total of 5,485 reviews on Wish. On Sitejabber, as of Mar 12, 2019, 2,085 members have written reviews where they rate Wish 1 star and said they had a problem with the site. 749 (14%) reviewers described Wish as a scam. The problems that reviewers often refer to as a "scam" include poor-quality products, items that never ship, and refusal to provide a refund. 720 reviewers (13%) complained about shipping problems. These types of problems can include never receiving the item, delayed shipping, and lost items. 1007 (18%) reviewers complained about refund problems on Wish. Refund problems can take the form of not receiving a refund, only receiving a partial refund, or delay in receiving a refund.

**749 Sitejabber members describe Wish as "scam"**

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

Sitejabber member Aly Y posts some photos about their experience on Wish:

"It went complete wrong, I though it was a legit company, there is not contact us at all only generated emails, I make a big order, the first item was complete wrong, size, color, material very cheap, nothing compare with the picture on the add, added to this the return policy, is brutal, in order to have a refund you have to pay for the shipping, which considering is China you will end paying more than the item in question. really bad experience, now I can't cancel the order I just pray for the following items came right otherwise I just waste big money. I do not recommend this cheap fraud business to no one"

 





*"Wish sells counterfeit merchandise"*

2/9/19

I ordered Australilian style boots at least that is what the listing stated. I receive my boots to see that they were fake UGG boots never once in the listing did it show a label on the boots and I would never buy fake UGG boot when I have plenty of authentic UGGS. I contact customer support regarding the fake... read more

Helpful?   Yes   2   |   Comment   |   Send thank you

///

///

///

///

17

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC



*"SCAM, SHAM, BEWARE"*

⭐ 9/2/18

John B.
⭐ 4 reviews
⭐ 13 helpful votes

At first you think, WOW, what a wonderful site. They are totally unscrupulous! They lie about everything. They sell a lot of counterfeit stuff. If it is name brand, it's probably counterfeit or broken. Refurbished is another trick they use. Their not. They just rewrap the item. FORGET EVER RETURNING AN ITEM! They ignore you for days than ask you... read more

Helpful? Yes 8 | Comments (1) | Send thank you

*"A lot if things r bull$#*!"*

⭐ 6/14/18

Lorraine P.
⭐ 1 review
⭐ 0 helpful votes

A lot of things are counterfeit they only make the clothes in Asian size they don't think about how the different races have different sizes or even that women are different sizes and especially not short and small Bilt the only thing that I don't have a problem with is makeup but accessories and clothing and purses and handbags they... read more

Helpful? Yes | Comment | Send thank you

*"Mostly Fake or Counterfeit Junk with High Shipping Costs"*

⭐ 3/17/18

Stan F.
⭐ 2 reviews
⭐ 7 helpful votes

It's simple. They sell mostly fake junk and charge shipping that is about 50% the cost of the products you are buying. (Nice Markup) For most people the cost of the goods or loss doesn't make it worthwhile to worry about it. That's how they make their money, most people won't bother to return a $10 product or go through... read more

Helpful? Yes 7 | Comment | Send thank you

*"Counterfeit cards"*

⭐ 3/20/17

Jill s.
⭐ 1 review
⭐ 3 helpful votes

Don't use wish.com! This site is a scam. They are selling counterfeit Pokémon cards. Broke my son's heart.

Helpful? Yes 3 | Comment | Send thank you

*"Fake fake fake"*

⭐ 1/30/17

Melissa S.
⭐ 1 review
⭐ 10 helpful votes

Do not buy. It's all counterfeit and fake. They use pics of real products but that isn't what you receive

Helpful? Yes 10 | Comment | Send thank you

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

32.     Consumers who visit Wish.com believe they will be getting products they see on the Wish platform as advertised, however that is not what they receive. Consumers repeatedly complain of Wish's "false advertising," practice of selling counterfeit products, and receiving different items than are advertised. Oftentimes, when consumers complain to Wish that they received a counterfeit product or a different product than advertised, Wish simply allows the consumer to keep the counterfeit product and refunds their money. If the customer attempts to return a counterfeit product, Wish will not allow the return unless the consumer identifies some additional problem with the product.

33.     Thus, upon information and belief, Wish would rather deal with the counterfeit merchandise being sold on its website by refunding a consumer's payment and allowing the consumer to keep the counterfeit product instead of actively working to ensure that counterfeit products are not sold on its platforms because Wish receives a fifteen percent fee on every sale, and many consumers do not complain to Wish or ever receive refunds.

34.     Products that contain the "Verified by Wish" badge further mislead consumers into believing that Wish has inspected the particular products that receive the badge for authenticity, quality, or other characteristics that consumers rely on in making their purchase decision. However, these products are oftentimes counterfeit and of poor quality evidenced by consumer reviews stating such.

35.     Thus, Wish's practices deceive, or have the capacity to deceive, a substantial segment of consumers who believe that they are purchasing genuine products from Wish, trust Wish's "Verified by Wish" program, and believe Wish's purported policy of staying counterfeit-free.

**C.  The Deception Is Material, In That It Is Likely To Influence Consumers' Purchasing Decisions.**

36.     Consumers see products on Wish.com bearing Plaintiff's and the Class Members' marks and name for a steeply discounted price. Consumers believe that they are getting a "good deal" on the merchandise because of the discounted price and their belief that the products are authentic.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

37.     Defendant's "Verified by Wish" program facilitates and encourages this deception.

38.     According to Wish's website, "these products with the Verified by Wish badge may receive more sales."[9] And, in order to be eligible for a "Verified by Wish" badge, the product must be listed by a "Trusted Store."[10]

39.     In addition to the "Verified by Wish" badge, "Trusted [S]tores' unreviewed products are immediately available for sale and reviewed products are eligible to be given an increase in impressions."[11] Trusted Stores' products also appear in search results faster.[12]

40.     Therefore, consumers see "Verified by Wish" products more often and believe that Wish has performed quality control on those products to ensure their quality and authenticity, which influences consumers into purchasing those products resulting in deception that is material.

41.     Moreover, if a consumer does not immediately purchase products they have searched for on Wish, Wish continues pursuing their business with misleading advertisements on Google and social media.

42.     According to Wish's Privacy Policy, when consumers use Wish's services, Wish collects usage data, including web log data, referring and exit pages and URLs, platform type, number of clicks, domain names, landing pages, pages and content viewed and the order of those pages, the amount of time spent on particular pages, the date and time consumers used Wish services, and the frequency of use.

43.     Wish uses Google Analytics to track how individuals and their devices interact with Wish by using cookies, web beacons, local shared objects, and tracking pixels to store or collect information.

44.     Wish then uses this information to serve tailored ads to individuals through Facebook, Google, or other social media platforms.

---

[9]     https://merchantfaq.wish.com/hc/en-us/articles/219005988-Verified-by-Wish-Program   (last visited July 17, 2019).
[10] *Ibid.*
[11] https://merchantfaq.wish.com/hc/en-us/articles/228015108-How-does-being-a-Trusted-Store-increase-my-impressions (last visited July 17, 2019).
[12]     https://merchantfaq.wish.com/hc/en-us/articles/219005988-Verified-by-Wish-Program   (last visited July 17, 2019).

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

45.    These targeted advertisements unlawfully display Plaintiff's and Class Members' marks and names are scientifically proven to influence consumers' purchasing decisions.[13]

**D.  Wish Causes Its False Statements to Enter Interstate Commerce.**

46.    Wish operates online at its website, Wish.com, and through its smartphone application.  Wish's counterfeit products and "Verified by Wish" badge are used and displayed the same on each platform.

47.    Wish controls which products receive the "Verified by Wish" badge, which merchants receive "Trusted Store" status, and purportedly reviews every product to ensure its authenticity before the products are listed on Wish.

48.    There are more than one million Wish merchants and more than 500 million consumers that use the Wish marketplace.

49.    Wish imports, handles, ships, and warehouses many of the products on their marketplace.

50.    The "Verified by Wish" badge and products bearing Plaintiff's and the Class Members' marks and names are false statements that Wish causes to enter into interstate commerce through listing the products and badge across its platforms which are viewed and relied upon by hundreds of millions consumers.

**E.  Plaintiff and Class Members Have Been or are Likely to be Injured as a Result of Wish's False Statements.**

51.    Plaintiff and Class Members have been injured by Wish's false statements through loss of sales.  Because consumers believe that they can buy Plaintiff's or the Class Members' products at a steep discount on Wish, they forego buying authentic products sold by Plaintiff and Class Members on their own websites or other authorized marketplaces.

52.    Wish has also injured Plaintiff's and Class Members' commercial interests due to Wish's false statements.  Wish markets and sells poor quality, counterfeit products on its website

---

[13] *See* Rebecca Walker Reczek, *et al.*, *Targeted Ads Don't Just Make You More Likely to Buy – They Can Change How You Think About Yourself*, HARVARD BUS. REV. (Apr. 4, 2016) https://hbr.org/2016/04/targeted-ads-dont-just-make-you-more-likely-to-buy-they-can-change-how-you-think-about-yourself.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

and smartphone application bearing Plaintiff's and Class Members' marks and names. This has led to consumers posting bad reviews on Plaintiff's and Class Members' authentic product listings, complaints about Plaintiff and Class Members to the Better Business Bureau, and attempts to return the counterfeit products purchased on Wish to Plaintiff or the Class Members.

53.     Because Wish allows counterfeit products bearing Plaintiff's and Class Members' marks and names to be sold on its marketplace, and Wish vouches for these products through its "Verified by Wish" program, Plaintiff and Class Members are unable to control consumer perception about their products and the commercial activities Plaintiff and the Class Members are forced to be involved in. This has had an injurious effect on Plaintiff's and the Class Members' valuable reputation and goodwill, which is left in the hands of Wish who promulgates and profits from this injury.

## CLASS ALLEGATIONS

54.     This matter is brought by Plaintiff on behalf of itself and those similarly situated ("Class Members" of the "Class"), under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).

55.     The Class that Plaintiff seeks to represent is defined as follows:

All persons and business entities of the United States who do not have distribution in China that had merchandise bearing their marks or names without their consent and/or authorization advertised for sale on Wish.com with the "Verified by Wish" badge in the five years preceding the filing of this Complaint (the "Class     Period").

56.     **Numerosity/Impracticability of Joinder:** The members of the Class are so numerous that joinder of all members would be impractical. The proposed Class likely contains thousands of members. The precise numbers of members can be ascertained through discovery, which will include Defendant's credit records, sales, and other records.

57.     **Commonality and Predominance:** There are common questions of law and fact that predominate over any questions affecting only individual members of the Class.

58.     For Plaintiff and the Class, the common legal and factual questions include, but are not limited to the following:

a.     whether Defendant's use of its "Verified by Wish" badge on merchandise

baring Plaintiff's and Class Members' marks or names violates the Lanham Act and California law;

b.      whether Defendant was unjustly enriched; and

c.      the proper measure of damages sustained by Plaintiff and Class Members.

59.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all the members of the Class have been injured by the same wrongful conduct of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories. Neither Plaintiff nor its attorneys have any interests contrary to, or in conflict with, the Class.

60.    **Adequacy:** Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained class counsel who are experienced and qualified in prosecuting class actions.

61.    **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class Member are too small to warrant the expense of individual suits. The likelihood of individual Class Members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendant has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

62.    Plaintiff does not anticipate any difficulty in the management of this litigation.

63.    Plaintiff and/or Defendant has, or has access to, publicly available addresses and/or

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

other contact information for the members of the Class, which may be used for the purpose of providing notice of the pendency of this action.

## CAUSES OF ACTION

### Count I

### Violation of the Lanham Act, False Association & Trademark Infringement

### (15 U.S.C. § 1125(a)(1)(A))

64.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

65.     By representing that counterfeits of Plaintiff's and Class Members' products were "Verified by Wish," Defendant violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line advertising, Wish.com platform, and its "Verified by Wish" services, by using in commerce words, terms, names, or symbols, or a combination thereof, false designation of origin, or false or misleading description or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff and the Class Members' products with products or persons that are not Plaintiff and the Class Members or their products, or which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Plaintiff and the Class Members, as to their products, services, or commercial activities.

66.     Defendant's false designation of origin or false or misleading description or representations of fact was likely to, and actually caused confusion, mistake, or deception as to Plaintiff and Class Members' products and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(A) and proximately caused an injury to a commercial interest in sales or business reputation of Plaintiff and the Class Members.

67.     Defendant's false designation of origin or false or misleading description or representation of fact that was likely to and actually caused confusion, mistake, or deception as to Plaintiff and Class Members' products and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive Plaintiff and the Class Members of the ability to control consumer perception of their products or commercial activities offered under

24

their names and marks, placing the valuable reputation and goodwill of Plaintiff and the Class Members in the hands of Defendant.

68.     Defendant had direct and full knowledge of Plaintiff and the Class Members' prior use of and rights in their names and marks before the acts complained of herein.  The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a), especially considering the fact that Defendant "Verified" fakes of Plaintiff's and the Class Members' products through its "Verified by Wish" program.

69.     Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiff and Class Members are entitled to recover: (1) Defendant's profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by Plaintiff and the Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) the costs of the action; and (4) reasonable attorneys' fees should the Court find this to be an exceptional action.

70.     As a result of Defendant's aforesaid conduct and in addition to other damages, Plaintiff and the Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which Plaintiff and the Class Members have no adequate remedy at law.  Plaintiff and the Class Members will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**Count II**

**Violation of the Lanham Act, False Advertising & Trademark Infringement**

**(15 U.S.C. § 1125(a)(1)(B))**

71.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

72.     Defendant violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in connection with on-line advertising, Wish.com platform, and its "Verified by Wish" services, by using in commerce words, terms, names, or symbols, or a combination thereof, false designation of origin, or false or misleading description or representation of fact, which in commercial

advertising or promotion, misrepresented the nature, characteristics, or qualities of counterfeits of Plaintiff and the Class Members' products or commercial activities as "Verified by Wish."

73.     Defendant's misrepresentations, false advertising, and other actions in violation of 15 U.S.C. § 1125(a)(1)(B) proximately caused an injury to a commercial interest in sales or business reputation of Plaintiff and the Class Members.

74.     Defendant's misrepresentations, false advertising, and other actions in violation of 15 U.S.C. § 1125(a)(1)(B) have also deprived and will continue to deprive Plaintiff and the Class Members of the ability to control the consumer perception of their products or commercial activities offered under their names and marks, placing the valuable reputation and goodwill of Plaintiff and the Class Members in the hands of Defendant.

75.     Defendant had direct and full knowledge via the USPTO and otherwise of Plaintiff and the Class Members' prior use of and rights in their names and marks before the acts complained of herein.  The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a), especially considering the fact that Defendant "Verified" counterfeits of Plaintiff's and the Class Members' products through its "Verified by Wish" program.

76.     Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiff and Class Members are entitled to recover: (1) Defendant's profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by Plaintiff and the Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) the costs of the action; and (4) reasonable attorneys' fees should the Court find this to be an exceptional action.

77.     As a result of Defendant's aforesaid conduct and in addition to other damages, Plaintiff and the Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which Plaintiff and the Class Members have no adequate remedy at law.  Plaintiff and the Class Members will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

**Count III**

**Violation of the California Unfair Competition Law**

**(Cal. Bus. & Prof. Code § 17200, *et seq*.)**

78.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

79.     California's Unfair Competition Law ("UCL") prohibits unfair competition, which "include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

80.     Defendant has unlawfully, unfairly, and deceptively engaged in practices violating the UCL through its unfair, deceptive, untrue and/or misleading advertisements and "Verified by Wish" program utilizing Plaintiff's and Class Members' marks and names without a license, consent, or authorization.

81.     By these actions, Defendant has engaged in unfair competition in violation of the statutory laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq., and, as a proximate result, Plaintiff and Class Members have suffered and will continue to suffer damage to their business, reputation, and goodwill.

82.     Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the Class Members any money Defendant acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203; and for such other relief set forth below.

**Count IV**

**Violation of the California False Advertising Law**

**(Cal. Bus. & Prof. Code § 17500, *et seq*.)**

83.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

84.     California's False Advertising Law ("FAL") provides that "it is unlawful for any corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce

27

the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

85.   Defendant caused to be made and/or disseminated untrue and/or misleading statements throughout California and the United States, which were known or should have been known to Defendant to be untrue and/or misleading to the public, by representing that counterfeits of Plaintiff's and Class Members' products were "Verified by Wish."

86.   Defendant's conduct occurred in the course of Defendant's business and is part of a continuing pattern or generalized course of conduct in California and throughout the United States.

87.   Defendant's conduct, as set forth above, violated the FAL because it disseminated or caused to be disseminated its "Verified by Wish" badge on counterfeit products that is untrue and/or misleading, and Defendant knew or should have known by the exercise of reasonable care that the "Verified by Wish" statement is untrue and/or misleading.

88.   Plaintiff and the Class Members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's untrue and/or misleading statements with respect to counterfeit products baring their names and marks.  Consumers, relying on Defendant's untrue and/or misleading statements, purchased counterfeit goods from Wish's platforms at a steeply discounted price instead of purchasing authentic goods from Plaintiff's and the Class Members' marketplaces, resulting in loss of sales.

89.   Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unlawful advertising and to restore Plaintiff and the Class Members any money Defendant acquired by these practices, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

**Count V**

**Unjust Enrichment and Restitution**

///

28

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

90.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

91.     In acting as alleged above, Defendant has been unjustly enriched in that Defendant has     knowingly benefited at the expense of Plaintiff and the Class Members in a manner such that allowance of Defendant to retain the benefits it received would be unjust and violate the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's unlawful, misleading, and unfair representations about counterfeits of Plaintiff's and the Class Members' merchandise and Defendant's "Verified by Wish" program.

92.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff's and the Class Members' expense and in violation of federal and California law, and therefore restitution and/or restitutionary disgorgement of such economic enrichment is required.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of its claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and behalf of all similarly situated persons, and on behalf of the general public, prays for judgment against Defendant as follows:

a.     For an order certifying this case as a class action;

b.     For an order appointing Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel;

c.     For an order requiring Defendant to immediately cease and desist from selling merchandise bearing Plaintiff's and the Class Members' marks and names in violation of California and Federal law; enjoining Defendant from continuing to market, advertise, distribute, and sell merchandise bearing Plaintiff's and the Class Members' marks and names in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

d.     For an order awarding compensatory damages to Plaintiff and the putative Class, or, alternatively, requiring Defendant to disgorge or pay restitution of its ill-gotten

29

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC

1    gains; and pre- and post-judgment interest;

2    e.    For an order awarding reasonable and necessary attorneys' fees and costs; and

3    f.    For an order providing such further relief as this Court deems proper.

4
     Dated: <u>August 23, 2019</u>                    Respectfully submitted,
5

6                                                     **FRISELLA LAW, APC**

7

8                                                     */s/ Kimberly D. Neilson*

9                                                     STECKLER GRESHAM COCHRAN PLLC
                                                      R. Dean Gresham (to be admitted PHV)
10                                                    Texas Bar No. 24027215
11                                                    dean@stecklerlaw.com
                                                      Bruce W. Steckler (to be admitted PHV)
12                                                    Texas Bar No. 00785039
13                                                    bruce@stecklerlaw.com
                                                      Stuart L. Cochran (to be admitted PHV)
14                                                    Texas Bar No. 24027936
15                                                    stuart@stecklerlaw.com
                                                      L. Kirstine Rogers (to be admitted PHV)
16                                                    Texas Bar No. 24033009
17                                                    krogers@stecklerlaw.com
                                                      12720 Hillcrest Road, Suite 1045
18                                                    Dallas, TX 75230
19                                                    Telephone: 972-387-4040
                                                      Facsimile: 972-387-4041
20
21                                                    ATTORNEYS FOR PLAINTIFFS

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATION OF THE LANHAM ACT, ETC