UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOON'S DESIGN, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CONTEXTLOGIC INC.,<br><br>　　　　　　Defendant. | Case No. 19-cv-05300-HSG<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 40 |

Pending before the Court is Defendant ContextLogic Inc. d/b/a Wish's ("Defendant" or "Wish") motion to dismiss Plaintiff Choon's Design, LLC's ("Plaintiff") First Amended Complaint ("FAC," Dkt. No. 32). *See* Dkt. No. 40 ("Motion"). For the reasons discussed below, the Court **GRANTS** the motion to dismiss with leave to amend.

**I.    BACKGROUND**

Plaintiff characterizes Wish as a "bargain hunting retail website and smartphone shopping application," with 94 percent of its merchants based in China. *See* FAC ¶¶ 18–19. Plaintiff alleges that Defendant is not a passive platform where third parties may sell products, and claims that Defendant imports, ships, and warehouses many of the products in its marketplace. *Id.* ¶ 54. According to the FAC, Defendant also has a financial incentive in each transaction because Defendant charges the merchants a fifteen percent fee for each sale on Wish. *Id.* ¶ 19.

In connection with such sales, Defendant provides a "Verified by Wish" badge on many of the products on its platform. *See id.* ¶ 27. Defendant's website explains that the badge signifies that the products have been "inspected for the best quality," "inspected and [are] guaranteed to be the best quality," and "have been inspected and approved by our team, and are guaranteed to the best quality." *See id.* ¶¶ 28, 33. Moreover, to receive the badge, the products must be from

"Trusted Stores." *See id.* ¶¶ 30–33, 43.

The Trusted Store program allows merchants with good delivery performance and high product quality to access additional tools and benefits to grow their business on Wish. *See id.* ¶ 31, & n.8. Plaintiff asserts that "[t]o become a Trusted Store, merchants must have, *inter alia*, a "Counterfeit Rate < 0.5%." *See id.* Plaintiff further alleges that Defendant touts a "zero-tolerance policy against intellectual property infringement," publicly prohibits the "sale of counterfeit branded goods," and states on its website that "[w]e do not allow product listings which infringe on intellectual property." *See id.* ¶ 20. Notwithstanding these representations, Plaintiff alleges that Defendant only reviews the counterfeit rate periodically, and that Defendant grants the "Verified by Wish" badge to counterfeit products. *Id.* ¶¶ 21, 31–34.

For example, an allegedly counterfeit Rainbow Loom product for sale on Wish is pictured in the FAC alongside the "Verified by Wish" badge. *See id.* ¶ 13. The Wish product is titled "4800 X Rainbow Colourful Rubber Loom Bands For Children Kids Bracelet DIY Making Kit Set Hook (Size: 1, Color: Multicolor) ORG." *Id.* The description explains that the package includes "1 X Rainbow Loom." *See id.* The product is sold by "lucas_lou." *See id.* Plaintiff further alleges that a Google search for Rainbow Loom on Defendant's website suggests that "Wish sells authentic Rainbow Loom® products." *See id.* ¶ 15.

Plaintiff alleges Defendant violated (1) Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), by representing that counterfeit products were "Verified by Wish," *id.* ¶¶ 69–75, and (2) Section 43(a)(1)(B) of the Lanham Act because the "Verified by Wish" badge "misrepresents the nature, characteristics, [and] qualities" of the third-party products on its website, *id.* ¶¶ 76–82, and (3) violation of the California Unfair Competition Law ("UCL"). *Id.* ¶¶ 83–87.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

---

[1] Plaintiff also brings an Unjust Enrichment and Restitution cause of action. *See* FAC ¶¶ 90-93.

defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**III.   DISCUSSION**

   **A.   Count I: "False Association" under the Lanham Act**

As a preliminary matter, the parties devote considerable time to discussing whether the first cause of action is properly considered a claim of "false association" or "false designation of origin." Defendant urges the Court to construe the allegations as a claim of "false designation of origin." *See* Dkt. No. 41 ("Opp.") at 8–14. "False association," however, appears to be an umbrella term often attached generically to claims arising under § 1125(a)(1)(A). *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014) (referring to Section 43(a)(1)(A) collectively as "false association"). Section 43(a)(1)(A) provides alternative bases for

3

establishing liability, and a false association claim is a false designation of origin claim "just under a different name." *See Lions Gate Entm't Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1266 (C.D. Cal. 2016), *on reconsideration on other grounds*, No. CV 15-05024 DDP (EX), 2016 WL 4134495 (C.D. Cal. Aug. 1, 2016).  Accordingly, this appears to be a distinction without a difference, and the Court rejects Defendant's contention that Plaintiff has failed to provide fair notice of what the claim is and the grounds upon which this claim rests.

### i. Elements of False Association/False Designation

Plaintiff concedes that its cause of action is not premised on any direct or secondary trademark infringement, but rather based solely on Defendant's use of the "Verified by Wish" badge.  *See* Opp. at 4 (citing FAC ¶ 1).  Plaintiff contends that nothing in Section 43(a) requires Plaintiff to allege "a primary act of [trademark] infringement," and Plaintiff's theory is that the "Verified by Wish" badge is likely to cause confusion as to the products' authenticity and "how Plaintiff or a third-party vendor is affiliated, connected, or associated with Wish." *See id.* at 4-6.

The parties provide limited authority on the question of whether Plaintiff must establish direct trademark infringement to state a claim under Section 43(a) of the Lanham Act.  On one hand, the Supreme Court has explained that "[w]hile much of the Lanham Act addresses the registration, use, and infringement of trademarks," Section 43(a) "is one of the few provisions [of the Lanham Act] that goes beyond trademark protection." *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28–29 (2003).  And the Supreme Court has cautioned that it does not encompass all unfair competition practices, but rather "helps assure a producer that it (and not an imitating competitor) will reap the financial, reputation-related rewards associated with a desirable product." *Id.* at 34 (quotation omitted).

The face of the statute does not require the use of a trademark to state an actionable claim.  Instead the plain language of the statute renders actionable the use of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact."  15 U.S.C. § 1125(a)(1)(A); *accord Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 706 (4th Cir. 2016) ("Significantly, the plain language of § 43(a) does not require that a plaintiff possess or

4

1 have used a trademark in U.S. commerce as an element of the cause of action."). The Fourth
2 Circuit in *Belmora* contrasted the language of Section 43(a) with that of Section 32, which
3 requires "the 'use in commerce' of 'any reproduction, counterfeit, copy, or colorable imitation of a
4 *registered mark*.'" *See Belmora*, 819 F.3d at 706 (emphasis in original); *Empresa Cubana del*
5 *Tabaco v. Culbro Corp.*, 399 F.3d 462, 478 (2d Cir. 2005) (finding that Section 43(a) includes
6 causes of action grounded in allegations of false or misleading descriptions of fact and false or
7 misleading representations of fact); *Gnesys, Inc. v. Greene*, 437 F.3d 482, 488–89 (6th Cir. 2005)
8 (stating that Section 43(a) concerns false representation by those engaged in commerce, and is
9 clearly not limited to trademark issues); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243,
10 251 (1st Cir. 2004) (finding that the "existence of a trademark is not a necessary prerequisite to a §
11 43(a) action").

12 On the other hand, the Ninth Circuit has suggested (albeit indirectly) that to establish a
13 claim under the "false association" prong of the Lanham Act, "a plaintiff need only allege
14 commercial injury based upon the *deceptive use of a trademark or its equivalent*." *See Jack*
15 *Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005)
16 (quotations omitted) (emphasis added). However, the Ninth Circuit did not analyze whether the
17 statute requires the "use of a trademark." *Id.*

18 The Court finds that the plain reading of Section 43(a) indicates that the "Verified by
19 Wish" badge could be actionable as a designation under the statute. But the Court must still
20 evaluate whether the badge is likely to cause confusion or mistake, or to deceive, as to
21 sponsorship, affiliation, or the origin of the person or goods in question as required to find liability
22 under the statute. *See* 15 U.S.C. § 1125(a)(1)(A). On that issue, Plaintiff has not adequately
23 alleged that the badge is likely to cause confusion, mistake, or ability to deceive. Plaintiff merely
24 alleges that the "Verified by Wish" badge is likely to cause confusion (1) "as to the affiliation,
25 connection, or association of Plaintiff and the Class Members' products with" other products or
26 persons and, (2) "as to the origin, sponsorship, or approval of Plaintiff and the Class Members, as
27 to their products, services, or commercial activities." *See* FAC ¶ 70. This is insufficient to state a
28 cause of action, because the statute on its face requires that the badge must cause confusion as to

Defendant's affiliation, connection, or association with another, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by another person. *See* 15 U.S.C. § 1125(a)(1)(A).

Plaintiff suggests that the badge "represents that Wish or its third-party vendor has an affiliation with Plaintiff and Class Members when they do not." *See* Dkt. No. 41 at 6. There are, however, no allegations whatsoever in the FAC to support Plaintiff's suggestion that the badge erroneously affiliates Defendant with Plaintiff or Plaintiff's products. Nor are there any allegations to support the suggestion that Defendant may somehow be liable for the vendor's conduct. Accordingly, the Court **DISMISSES** Plaintiff's False Association claim with leave to amend.

### B.  Count II: False Advertising" under the Lanham Act

Plaintiff next alleges that Defendant violated Section 43(a)(1)(B) of the Lanham Act because the "Verified by Wish" badge "misrepresents the nature, characteristics, [and] qualities" of the third-party products on its website. *See* FAC ¶¶ 76–82. As a threshold matter, the parties dispute whether Rule 9(b) applies to Plaintiff's false advertising and UCL claims.[2] Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Here, Plaintiff contends that none of its claims are grounded in fraud because "Plaintiff does not contend that every product that is 'Verified by Wish' is inauthentic." *See* Opp. at 7. However, Plaintiff alleges as part of its false advertising and UCL claims that "Defendant had direct and full knowledge of Plaintiff and the Class Members' prior use of and rights in the names and marks." FAC ¶ 73. Plaintiff explicitly alleges that Defendant's conduct was "knowing, intentional, and willful" because "Defendant 'Verified' fakes of Plaintiff's and the Class Members' products through its 'Verified by Wish' program." *Id.* Plaintiff further alleges that

---

[2] Defendant does not appear to argue that Rule 9(b) applies to Plaintiff's false association claim. *See* Mot. at 4, n.1.

6

"Wish.com was founded in 2011 and is a direct from-China bargain hunting retail website and smartphone shopping application" that "routinely allows the sale of counterfeit products" and in fact "promulgates or ignores the illegal activity." *See id.* ¶¶ 18, 21, 23–24.

The Ninth Circuit has not weighed in on whether Rule 9(b) applies to a claim for false advertising. However, the majority of district courts in the Circuit appear to apply Rule 9(b) in analyzing false advertising claims under the Lanham Act. *See, e.g.*, *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 634 (N.D. Cal. 2019); *Ely Holdings Ltd. v. O'Keeffe's, Inc.*, No. 18-CV-06721-JCS, 2019 WL 3779197, at *4 (N.D. Cal. Aug. 12, 2019). The Court finds these cases well-reasoned, and will apply the Rule 9(b) pleading standard to the false advertising and UCL claims.

To establish false advertising under the Lanham Act, Plaintiff must demonstrate that (1) a false statement of fact was made by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception was material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

*First*, Plaintiff has not alleged that the "Verified by Wish" badge is false. The complaint explains that Defendant touts the badge as a representation of product quality. *See* FAC ¶¶ ¶¶ 28, 33. The FAC then pivots to alleging that (1) the "Verified by Wish" badge leads consumers to believe that items are authentic; and (2) "despite the badge's implications," some products are actually counterfeit. *See id.* ¶¶ 26–34, 39. Although these allegations could suggest that Defendant's verification is inadequate or perhaps even nonexistent, Plaintiff does not allege this with any specificity as required under Rule 9(b). *Second*, and relatedly, the FAC does not explain why representations about a product's quality may plausibly be considered tantamount to vouching for authenticity. *Lastly*, the complaint is devoid of specifics about when and where the "Verified by Wish" statements were made. Plaintiff indicates that "over the years" Defendant

7

made various representations, *id.* at ¶ 28, but this is not sufficient under Rule 9(b).

Accordingly, the Court **DISMISSES** Plaintiff's False Advertising Claim with leave to amend.

### C. Count III: Unfair Competition Law

Plaintiff's third and final cause of action is for unfair competition under the UCL. Plaintiff contends that the "Verified by Wish" badge constitutes "unfair, deceptive, untrue and/or misleading advertisements." *See* FAC ¶¶ 83–87. The UCL provides that "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17203. Unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because . . . section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 252 (2011) (quotation omitted).

Defendant challenges Plaintiff's standing to bring its UCL cause of action because Plaintiff has not alleged individualized reliance. Plaintiff responds that California law does not require it to plead reliance under the UCL, and argues that "[t]o state a claim under UCL or the FAL based on false advertising or promotional practice, it is necessary only to show that members of the public are likely to be deceived" and that "[t]his inquiry does not require individualized proof of deception, reliance and injury." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985-86 (9th Cir. 2015).

Although Plaintiff asserts that its UCL claim is not grounded in fraud, the Court finds that Plaintiff must still satisfy the heightened Rule 9(b) pleading standard. *See Jones v. Nutiva, Inc.*, No. 16-CV-00711-HSG, 2016 WL 5210935, at *8 (N.D. Cal. Sept. 22, 2016) ("However, when, as in this case, a plaintiff bases its 'unlawful business practices claims on [a defendant's] alleged violations of underlying laws by way of allegedly fraudulent or deceptive labeling and advertising practices,' the entire complaint 'sounds in fraud and must meet Rule 9(b)'s heightened pleading standards.'" (quoting *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 1320468, at *13)). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud

8

or mistake." Fed. R. Civ. P. 9(b). As discussed above in the context of Plaintiff's False Advertising Claim, Plaintiff fails to state with particularly the circumstances constituting fraud or mistake and therefore fails to satisfy the Rule 9(b) standard.[3] Accordingly, the Court **DISMISSES** Plaintiff's UCL Claim with leave to amend.[4]

### D. Motion to Strike

In addition to its motion to dismiss, Defendant also moves to strike Plaintiff's class allegations and the screenshots and customer complaints included in the FAC, which Defendant calls "impertinent information." *See* Mot. at 19–25. A growing number of courts disfavor motions to strike under Rule 12(f), finding that they "serve little useful purpose in modern federal practice, and are often wielded mainly to cause delay and inflict needless burdens on opposing parties." *See Stiner v. Brookdale Senior Living, Inc.*, 354 F. Supp. 3d 1046, 1063, n.7 (N.D. Cal. 2019) (quoting *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016)). On a class-wide basis, the task of determining whether other entities owned valid marks and whether those marks were somehow infringed by products on the website almost certainly is permeated with individualized considerations. Although the Court has discretion to strike the allegations under Rule 12(f), the Court declines to do so at this stage.[5]

---

[3] The Court notes that the California Supreme Court has held that a plaintiff must plead individualized reliance on the statements at issue where the UCL claims are based on a fraud theory alleging misrepresentations to consumers. See *In re Tobacco II Cases*, 46 Cal. 4th 298, 325–27 (Cal. 2009); see also *Jones*, 2016 WL 5210935, at *8. While Plaintiff's claim is based on alleged damage to Plaintiff and other entities who have counterfeits of their products sold on the website rather than harm to consumers, to the extent that Plaintiff's cause of action is based on a fraud theory involving false advertising and misrepresentations to consumers, Plaintiff will need to plead reliance. See *In re Tobacco II*, 46 Cal. 4th 298 at 325, n. 17.

[4] Plaintiff's unjust enrichment claim also fails because it is a derivative cause of action. *Frison v. Accredited Home Lenders, Inc.*, 2011 WL 2729241, at *5 (S.D. Cal. July 13, 2011) ("Because all other claims against BNYM are dismissed, Plaintiff's claim for unjust enrichment is also dismissed as to Defendant BNYM."); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011) (affirming dismissal of unjust enrichment claim where plaintiff failed to state a claim for violations of the UCL, FAL, CLRA).

[5] Defendant also contends that the FAC is "littered with" irrelevant material, including Defendant's Better Business Bureau profile and consumer complaints. *See* Mot. at 24. Defendant also contends that screenshots and links to the Wish.com website should be stricken because they "serve no legitimate purpose" and fail to comply with Federal Rule of Civil Procedure 10(c). *See* Dkt. No. 41 at 25. Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the FAC is **GRANTED** with **LEAVE TO AMEND**. *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Under Federal Rule of Procedure 15(a)(2), leave to amend shall be freely granted when justice so requires."). Any amended complaint must be filed within 28 days from the date of this Order. Plaintiff may not add any new causes of action to an amended complaint.

**IT IS SO ORDERED.**

Dated: 11/24/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court finds that these materials are not extraneous and provide context to Plaintiff's allegations. Consequently, the Court also declines to strike these materials.